# EXHIBIT A

Fulton County Superior Court
***EFILED***TV
Date: 3/27/2025 5:41 PM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MELISSA SINGH, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. |
| EQUIFAX INFORMATION SERVICES LLC, | ) ) ) | 25CV004182 |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Melissa Singh, by and through the undersigned counsel, and on behalf of all others similarly situated, states as follows:

1.    The Plaintiff seeks redress for violations of the Fair Credit Reporting Act (or "FCRA"), 15 U.S.C. § 1681, *et seq.*, against Equifax Information Services LLC ("Equifax").   The Plaintiff contends that the violations described herein were systematic and part of a process that affected not only herself but members of a putative class of individuals.  The Plaintiff also asserts an individual claim against Equifax for negligence.

## PRELIMINARY STATEMENT

2.    In 2022, Plaintiff Melissa Singh discovered unauthorized transactions in her checking account with Citibank, N.A. ("Citibank").  After she reported the

unauthorized transactions, Citibank closed the account. Months later, the Plaintiff noticed a drop in her credit score and discovered negative credit reporting related to the said account. In or about May of 2023, the Plaintiff submitted a written dispute to Equifax. She explained that the reporting was inaccurate as the account was closed; and she attached her passport card, social security information, and a full Equifax report. Rather than providing her with results of an investigation of the account, and rather than conducting a reasonable investigation, Equifax merely said that it was unable to locate the Plaintiff's credit file. In or about June of 2024, the Plaintiff submitted another dispute to Equifax, providing even more support and identification. Rather than providing investigation results or conducting a reasonable investigation, Equifax merely said that Plaintiff's identification did not match their file. Equifax's repeated failures to address the Plaintiff's disputes were systemic and part of a process that significantly affected her and putative class members who received the same treatment. Equifax's conduct violated the FCRA and deprived consumers of their rights to dispute information appearing on their credit reports.

## JURISDICTION AND VENUE

3.      Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company having its principal place of business at 1550 Peachtree Street, Atlanta, Georgia 30309. Equifax is subject to the jurisdiction of this Court

and may be served with process by serving its registered agent, Corporation Service Company and 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.    Venue is proper in this Court pursuant to Article VI, Section II, Paragraph VI of the Georgia Constitution and O.C.G.A. § 14-2-510(b)(2) because Equifax is headquartered and transacts business in Fulton County.

## THE PARTIES

5.    The Plaintiff repeats and restates the above allegations of this Class Action Complaint ("Complaint") as though fully stated herein.

6.    The Plaintiff is an adult individual who resides in the County of Queens in the State of New York.  The Plaintiff is a "consumer" pursuant to the FCRA.  *See* 15 U.S.C. § 1681a. The putative class members, as defined more specifically herein, are residents of the United States of America who have experienced the same type of conduct by Equifax.

7.     Defendant Equifax is a consumer reporting agency and a distributor of consumer reports.  *See* 15 U.S.C. §§ 1681a(f) and 1681a(d)(1).

8.    For the last five or more years, Equifax has been generating and distributing consumer credit reports with respect to the Plaintiff and the putative class.

3

## FACTUAL ALLEGATIONS

9.      In or about January of 2022, the Plaintiff discovered suspicious charges in her Citibank checking account.  The Plaintiff informed the bank that the charges were not made or authorized by her.  After this, Citibank told the Plaintiff that her account was compromised; Citibank closed the compromised account; and it opened a new account.

10.      In or about September of 2022, the Plaintiff noticed a drop in her credit score and discovered negative credit reporting pertaining to the closed Citibank account.  The negative credit reporting showed that the Plaintiff had a debt to Citibank in an amount greater than $400 which was past due.  This reporting was false; it affected the Plaintiff's credit score; it caused her financial harm and significant distress.

### i. Actions and Omissions by Equifax

11.      Upon information and belief, after noticing the above-stated reporting, the Plaintiff contacted Equifax and disputed information on her credit report.  In response, Equifax did not conduct an investigation and it did not provide the Plaintiff with any dispute results.

12.      In or about May of 2023, the Plaintiff contacted Equifax in writing and disputed the Citibank account.  In her dispute, the Plaintiff expressed that the account had been closed at Citibank's suggestion due to fraud activity.  The

4

Plaintiff also explained that there should not have been any charges on this account because it was closed and inaccessible to her. The Plaintiff's dispute letter contained her full address, her partial social security number, and a partial account number. The letter attached the Plaintiff's passport card, a full credit report from Equifax, and notices from Citibank.

13.     In response, Equifax did not provide the Plaintiff with any dispute results; it did not conduct a reasonable investigation; and it did not provide notice that any type of investigation was completed. Despite all the information the Plaintiff provided, Equifax merely responded with a letter stating, in part, "We were unable to locate a credit file in our database with the identification number you provided."

14.     In July of 2024, the Plaintiff again contacted Equifax and disputed the Citibank account in writing. In her dispute, the Plaintiff expressed that the account had been closed at Citibank's suggestion due to fraud activity. The Plaintiff also explained that there should not have been any charges on this account because it was closed and inaccessible to her. The Plaintiff's dispute letter contained her full address, her partial social security number, and a partial account number. The letter attached the Plaintiff's passport card, a full credit report from Equifax, and an additional proof of address in the form of an insurance policy. All documents including the letter itself were printed in a manner that was clear and legible.

5

15.    In response, Equifax did not provide the Plaintiff with any dispute results; it did not conduct a reasonable investigation; and it did not provide notice that any type of investigation was completed.   Despite all the information the Plaintiff provided, Equifax responded with a letter stating, in part, "The documents you provided were illegible."   Remarkably, the same letter also stated the information the Plaintiff provided as proof of identity did not match information in Equifax's file.

16.    Equifax misinformed the Plaintiff that it could not find her file, that it could not identify her, and that it could not read her information. Unbeknownst to the Plaintiff, Equifax was able to locate the Plaintiff's file; it was able to locate the Citibank account; and it was able to read the legible documents submitted.   Yet Equifax repeatedly responded as though the Plaintiff and the information she was disputing simply did not exist.

17.    Equifax repeatedly failed to properly address the Plaintiff's disputes. As a consequence, the false and inaccurate reporting remained on the Plaintiff's credit report; the reporting decreased the Plaintiff's credit score; the reporting caused one or more denials of credit; the reporting affected the Plaintiff's ability to obtain favorable interest rates; and the reporting caused the Plaintiff significant distress. Furthermore, false and inaccurate information regarding the Plaintiff was published to the third parties and this has damaged her reputation.

18.    Additionally, the Plaintiff spent numerous hours drafting letters, making phone calls, reviewing credit reports, reviewing collection letters, and going to the post office (where she expended funds on postage).  With each hour that the Plaintiff spent on the problem, she lost time that could have been spent on her work and with her family and friends.

19.    Furthermore, the conduct by the Defendant caused the Plaintiff significant, continuous, and unending distress.  The Plaintiff experienced anxiety, restlessness, and worry about being pressured to pay a debt that she did not owe. The Plaintiff also experienced anxiety, restlessness, and worry how the negative credit reporting impacted her creditworthiness.

### ii. Harm Caused to the Plaintiff and the Putative Class

20.    Upon information and belief, Equifax's faulty responses were part of a systematic process that affected many consumers nationwide.  Upon information and belief, Equifax has – as a matter of course – falsely told consumers like the Plaintiff who submitted disputes that a) it could not find their file, b) it could not identify such consumers, and/or c) it could not read their information.

21.    Equifax's conduct has deprived the Plaintiff and many other consumers of their rights to dispute credit reporting information.  Such consumers were treated as though they and/or their accounts did not exist.

22.    Consumers of the putative class spent time and effort drafting letters or making phone calls to submit disputes to Equifax. With each moment that the consumer spent on the dispute, they lost time that could have been spent on work and/or with family and friends.  Given that Equifax failed to process the disputes of such consumers, their time was wasted.

## CLASS ALLEGATIONS

23.    The Plaintiff repeats and restates the above allegations of this Complaint as though fully stated herein.

24.    Pursuant to O.C.G.A. § 9-11-23, Plaintiff brings this action on behalf of herself and a class of similarly situated persons defined as below.

25.    The Plaintiff proposes a class to be defined as follows:  The Class, which pertains to violations of the FCRA, shall include all individuals:

   a.    who are consumers under the FCRA,

   b.    who disputed information on their Equifax credit report,

   c.    who provided government-issued identifications and/or other information sufficient to enable Equifax to identify them,

   d.    who provided the name of the account furnisher, a partial account number, and/or other information sufficient to enable Equifax to identify the account at issue,

    e.     who received no investigation results related to their dispute, and

    f.     who received a response from Equifax indicating that:

        1)     the consumer could not be identified,

        2)     the account could not be found, and/or

        3)     the submitted documents were not legible.

26.    A class is appropriate and preferable because of the factors stated below.

    a.     The Defendant's violations stem from routine and systematic conduct that affected thousands of consumers nationwide. Thus, the proposed class is so numerous that joinder of all members is impractical.

    b.     There are questions of law and fact common to the proposed class and these questions predominate over any questions affecting individual claims. For instance, the same sections of the FCRA and similar facts would apply to each member of the putative class.

    c.     The Plaintiff's claims are typical of class claims as each member was injured by the Defendant's faulty processes in which the

Equifax falsely informed consumers that it could not identify them, their accounts, and/or their documents.

d.  Identification of putative class members is a matter that can best be determined from the Defendant's records.

e.  The precise number of putative class members is unknown at this time and can only be discerned through discovery. However, upon information and belief, Defendant Equifax generates credit reports for millions of consumers nationwide. Upon information and belief, its faulty process affected a significant portion of these individuals.

f.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in prosecuting consumer claims based on credit reporting practices. The Plaintiff's interests are consistent with those of putative class members.

g.  A class action is superior for the fair and efficient adjudication of the putative class members' claims.

h.  Absent a class action, most members of the putative class would find the cost, time, and ability of engaging in protracted litigation prohibitive.

      i.     The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

      j.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant.

      k.     Proceeding by way of a class action is the most economical and sensible manner in which to vindicate the injuries sustained by the Plaintiff and potential class members.

27.     Excluded from the Class is Equifax, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees, and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff.  The Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with a motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

28.    The Plaintiff repeats and restates the above allegations of this Complaint as though fully stated herein.

29.    Defendant Equifax violated the federal Fair Credit Reporting Act against the Plaintiff and class members:

    a.    when it failed to provide any notification of dispute results as required by 15 U.S.C. §§ 1681i(a)(6)(A) and 1681i(a)(6)(B),

    b.    when it failed to conduct a reasonable reinvestigation to determine accuracy of credit reporting pursuant to 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5),

    c.    when it failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by 15 U.S.C. § 1681e(b),

    d.    when it failed to properly review and consider all relevant information provided by the consumer pursuant to 15 U.S.C. § 1681i(a)(4),

    e.    when it failed, upon information and belief, to provide timely dispute notifications to furnishers of items in dispute as required by 15 U.S.C. § 1681i(a)(2)(A), and

f.      when it rejected or claimed to have rejected disputes without a

reasonable justification.

30.    Equifax's conduct, actions, and omissions were willful, rendering it

liable to the Plaintiff and putative class members for statutory and punitive

damages in an amount to be determined by this Court pursuant to 15 U.S.C. §

1681n.

31.    In the alternative, Equifax's conduct, actions, and omissions were

negligent, rendering it liable for statutory damages pursuant to 15 U.S.C. § 1681o.

32.    Equifax's willful and/or negligent conduct also renders it liable for

actual damages for the Plaintiff, individually.  Equifax's conduct caused the

Plaintiff significant distress, financial loss, wasted time, and reputational damage.

## COUNT II - NEGLIGENCE

33.    The Plaintiff repeats and restates the above allegations of this

Complaint as though fully stated herein.

34.    As a nationwide credit reporting agency that generates, compiles, and

publishes information on the Plaintiff and other consumers, the Defendant owed a

duty to Ms. Singh.

35.    The Defendant breached its duty by, *inter alia*, failing to exercise due

care when it a) created and disseminated credit reports containing false and

inaccurate information pertaining to the Plaintiff, and b) when it failed to properly address the Plaintiff's disputes.

36.     The Defendant's conduct damaged the Plaintiff's reputation and caused both financial and emotional harm.  It was foreseeable that the conduct would cause such damages.

37.     The Defendant's actions and omissions constitute negligence against the Plaintiff.

38.     A showing of malice or willful intent is not needed to support the Plaintiff's negligence claim as it is not based on disclosures made pursuant to 15 U.S.C. §§ 1681g, 1681h, and 1681m.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that the Court:

1.     Certify the putative Class;

2.     Conduct a trial by jury of all claims asserted herein;

3.     Award Plaintiff and putative class members statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o and enter judgment against the Defendant;

4.     Award Plaintiff, individually. actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o and enter judgment against the Defendant;

5.      Award Plaintiff, individually, damages based on the Defendant's negligence and enter judgment against the Defendant; and

6.      Grant Plaintiff such other and further relief that the Court may deem just and proper.

This 27th day of March, 2025.

*/s/ Craig E. Bertschi*
Craig E. Bertschi
Georgia Bar No. 055739
678.999.1102
ceb@mcraebertschi.com

**MCRAE BERTSCHI & COLE LLC**
1872 Independence Square, Suite D
Dunwoody, Georgia 30338


By: _____
Hashim Rahman, Esq. (*pro hac vice forthcoming*)
Rahman Legal
43 W 43rd Street, Suite 204
New York, NY 10036
hrahman@rahmanlegal.com
Tel. (212) 301-7641

*Attorneys for the Plaintiff*

Fulton County Superior Court
***EFILED***TV
Date: 3/27/2025 5:41 PM
Che Alexander, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

■ Superior or ☐ State Court of Fulton _____ County

| For Clerk Use Only | |
|---|---|
| Date Filed  3/28/2025 | Case Number  25CV004182 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Singh          Melissa          Indivdual

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Equifax Information Services LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Craig E. Bertschi          **State Bar Number** 055739          **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
## SUMMONS

MELISSA SINGH,
Individually and on behalf
of all others similarly
situated,

          **Plaintiff,**

    **vs.**

**EQUIFAX INFORMATION SERVICES**

**LLC**

          **Defendant**

) **Case No.:** _____
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

25CV004182

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylertech.cloud/OfsEfsp/ui/landing (unless you are exempt from filing electronically) and
serve upon plaintiff's attorney, whose name and address is:  **Craig E. Bertschi**
                                                **McRae Bertschi & Cole LLC**
                                                **1872 Independence Square, Suite D**
                                                **Dunwoody, Georgia 30338**
                                                **Tel. 678-999-1102**
                                                **ceb@mcraebertschi.com**
An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____3/27/2025_____ day of _____, 20 _____

                                    Honorable Ché Alexander, Clerk of

                                      Superior Court

                                      By _____
                                                Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you     _____, 20_____

                                                  Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

Fulton County Superior Court
***EFILED***SJ
Date: 4/4/2025 3:35 PM
Che Alexander, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

MELISSA SINGH, individually and on )
behalf of all others similarly situated, )
                                 )
      Plaintiff,                  )
                                 )
           v.                       )        **CIVIL ACTION FILE NO.**
                                 )           <u>25CV004182</u>
EQUIFAX INFORMATION SERVICES )
LLC,                               )
                                 )
      Defendant.               )

## <u>VERIFIED APPLICATION FOR PRO HAC VICE ADMISSION</u>

Pursuant to Georgia Uniform Superior Court Rule 4.1, Hashim Rahman

(Applicant) hereby applies to this Court for admission to practice in the above-

stated case pro hac vice.

      1.      I reside at the following address:
                    
                    New York, NY 10012

      2.      My business address, phone number, and email are as follows:
                    Rahman Legal
                    43 W. 43rd Street, Suite 204
                    New York, NY 10036
                    Tel. 212-301-7641
                    hrahman@rahmanlegal.com

      3.      I have been retained to represent the following Plaintiff:
                    Melissa Singh
                    
                    Forest Hills, NY 11375
                    Tel.

1

4.     I am a member in good standing in the following jurisdictions:

Jurisdiction: State of New York
Date admitted: 06/27/06
Current status: Active
Bar registration No.: 4418877

Jurisdiction: U.S. Court of Appeals for the Second Circuit
Date admitted: 01/29/19
Current status: Active
Bar registration No.: N/A

Jurisdiction: U.S. District Court for the Eastern District of New York
Date admitted: 03/13/12
Current Status: Active
Bar registration No.: N/A

Jurisdiction: U.S. District Court for the Southern District of New York
Date admitted: 08/26/11
Current status: Active
Bar registration No.: N/A

Jurisdiction: Commonwealth of Massachusetts
Date admitted: 06/21/06
Current status: Inactive
Bar registration No.: 665811

5.     I have never been a member of the State Bar of Georgia.

6.     I have never been denied pro hac vice admission in Georgia.

7.     I have never had pro hac vice admission revoked in Georgia.

8.     I have never been sanctioned or formally disciplined by a court in

Georgia.

9.     I have never been the subject of any formal disciplinary proceedings.

10.     I have never been formally held in contempt or otherwise sanctioned by a court in a written order for disobedience to its rules or order.

11.     I have not previously filed an application to appear pro hac vice in the State of Georgia.

12.     I have reviewed and am familiar with the Georgia Rules of Professional Conduct and all court rules relevant to practice before the court for which I am seeking admission.

13.     My local sponsor is:
Craig E. Bertschi, Esq. (Georgia Bar No.: 055739)
McRae Bertschi & Cole LLC
1872 Independence Square, Suite D
Dunwoody, Georgia 30338

14.     When I file my application I will forward a copy to the State Bar of Georgia along with a check or money order or other payment for the amount $275.

I, Hashim Rahman, applicant in the foregoing Verified Application for Pro Hac Vice Admission, hereby verify the facts contained therein are true and accurate to the best of my knowledge.

April 2, 2025

_____
Applicant, Hashim Rahman

Sworn to before me on this 2nd day of April, 2025

_____
Notary Public

My commission expires 04-04-2027

CUI YING LI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01LI0004996
Qualified in NEW YORK County
Commission Expires 04/04/2027

3

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Verified Application for Pro Hac Vice Admission on the Office of General Counsel for the State Bar of Georgia by uploading a copy of the Application through the portal provided on the State Bar of Georgia's website at https://portals.georgiabar.org/ogc/pro-hac/application-fee?id=1.

This 4th day of April, 2025.

*/s/ Craig E. Bertschi*
Craig E. Bertschi
Georgia Bar No. 055739
678.999.1102
ceb@mcraebertschi.com

**MCRAE BERTSCHI & COLE LLC**
1872 Independence Square, Suite D
Dunwoody, Georgia 30338

Fulton County Superior Court
***EFILED***MH
Date: 4/28/2025 2:37 PM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

MELISSA SINGH, individually and on
behalf of all others similarly situated,    )
                                             )
                                             )
          Plaintiff,                         )
                                             )
v.                                           )        CIVIL ACTION FILE NO.
                                             )        25-CV-004182
EQUIFAX INFORMATION SERVICES                 )
LLC,                                         )
                                             )
          Defendant.                         )

## WAIVER OF SERVICE OF SUMMONS

**To:** Craig E. Bertschi

    I acknowledge receipt of your request that I waive service of a summons in the action of Melissa Singh v. Equifax Information Services LLC, which is case number 25-CV-004182 in the Superior Court of the State of Georgia in and for the County of Fulton. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure. I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

Executed on this _____18th_____ day of _____April_____, _____2025_____
Signature: _____

Printed Name: _____Zachary A. McEntyre_____, as _____Attorney_____ of Equifax
Information Services LLC

**PLEASE COMPLETE ALL BLANKS INCLUDING DATES. FOR YOUR CONVENIENCE, A SELF ADDRESSED STAMPED ENVELOPE IS ENCLOSED. (RETURN BY EMAIL IS PREFERRED.)**